**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dustin Ben QUAGIGANT,**
**Defendant–Appellant.**

No. 07–30323.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2008.*

Filed June 17, 2008.

Jack B. Haycock, Esq., USPO–Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

Paul C. Echohawk, Esq., Echohawk Law Offices, Pocatello, ID, for Defendant–Appellant.

Before: FERGUSON, BRUNETTI, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Dustin Quagigant appeals his federal jury conviction of assault resulting in serious bodily injury and assault with a dangerous weapon. We affirm.

I.

Quagigant contends that the district court erred by admitting into evidence a baseball bat and photographs of the bat which, he alleges, were not properly authenticated and were irrelevant and prejudicial. We review the district court's conclusions regarding the authenticity and foundation supporting the admission of evidence for an abuse of discretion. *See United States v. Workinger,* 90 F.3d 1409, 1412 (9th Cir.1996). We conclude that the district court did not err when it admitted the evidence.

At trial, an eyewitness testified that he led a detective to an elementary school where Quagigant discarded the baseball bat that he had used in the assault. Both the eyewitness and the detective testified that they found the baseball bat used in the assault at the school. The detective also testified that the bat introduced at trial was the same bat he found with the witness, and that photographs introduced

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

at trial were the same photographs he had taken when he found the bat.

Regardless of the fact that some of the other witnesses were unable to positively identify the bat as the same used in the assault, we have no difficulty concluding that the prosecution made a prima facie showing sufficient such that "a reasonable juror could find in favor of authenticity or identification," *United States v. Tank,* 200 F.3d 627, 630 (9th Cir.2000) (quotation marks and citation omitted), and for the district court to conclude that the evidence "in question is what its proponent claims," Fed.R.Evid. 901(a). The suspected weapon is relevant to the charge against the defendant and its admission was not unfairly prejudicial. *See United States v. Johnson,* 637 F.2d 1224, 1248 (9th Cir. 1980), *abrogated on other grounds by Schmuck v. United States,* 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). Even after the bat and photographs were admitted, the defense was not prohibited from presenting evidence contesting their authenticity. The district court correctly ruled that the jury retains the ultimate power to assess the probative value and the authenticity of evidence. *Workinger,* 90 F.3d at 1415.

Accordingly, we hold that the district court did not abuse its discretion when it admitted into evidence the baseball bat and photographs. *See, e.g., United States v. Hanigan,* 681 F.2d 1127, 1132 (9th Cir. 1982).

II.

In addition to the baseball bat and photographs, the evidence against Quagigant consisted of the testimony of five eyewitnesses to the assault, four of whom knew the defendant prior to the incident, and all of whom identified Quagigant as the perpetrator of the crime. Minor variations in the witnesses' descriptions of the bat and the defendant's attire do not gut their testimony of all persuasive value. *See United States v. Wycoff,* 545 F.2d 679, 684 (9th Cir.1976). Viewing the evidence in the light most favorable to the prosecution, we conclude that, contrary to Quagigant's contention, the evidence against Quagigant was sufficient for any rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**AFFIRMED.**